UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14329-CIV-CANNON/MAYNARD

JPJ SERVICES LLC,
a/a/o Harry Schaffer
and Mary Lou Schaffer,

    Plaintiff,

v.

NEW HAMPSHIRE
INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DE 5]

The above Motion has been referred to me for report and recommendation. DE 6. Plaintiff has filed a response in opposition, DE 14, and no reply was timely filed. Having reviewed the Motion and response, the pertinent portions of the record, and the applicable law, I recommend that the Motion be **DENIED** for the reasons set forth below.

## BACKGROUND

Defendant New Hampshire Insurance Company issued a homeowner's insurance policy (the "Policy") to Harry and Mary Lou Schaffer (the "Insureds" and "Assignors"). DE 1-2 at 6-7 ¶¶ 2, 4.[1] On September 10, 2017, while the Policy was in full effect, the Insureds' home—a residential property located at 17267 SE Galway Court, Tequesta, Florida 33469—suffered covered losses due to damage from Hurricane Irma. *Id*. at 7 ¶¶ 5, 7. The Insureds hired Plaintiff JPJ Services LLC to repair the property damage caused by the hurricane and assigned their

---

[1] Plaintiff did not attach a copy of the insurance policy to the Complaint, stating that Defendant should have a copy and that it would be obtained through discovery. *Id*. at ¶ 4.

insurance benefits to Plaintiff by written agreement on June 4, 2020 (the "Assignment"). *Id*. at 7 ¶¶ 6, 9. A copy of the Assignment is attached to the operative Complaint. *Id*. at 9-11. Defendant was timely provided with notice of Plaintiff's claim under the Policy, an estimate of the repairs, notice of intent to initiate litigation, and the Assignment. DE 1-2 at 7 ¶ 10. Defendant acknowledged the claim and assigned a claim number. *Id*. at 7 ¶ 11.

On June 24, 2021, Plaintiff filed suit in state court for breach of contract based upon Defendant's alleged failure to pay Plaintiff assigned insurance proceeds due and owing under the Policy. *Id*. at 8 ¶ 13. On August 11, 2021, Defendant removed the suit to this federal court on the basis on diversity jurisdiction. DE 1.

On August 18, 2020, Defendant filed the instant Motion, arguing that the Complaint must be dismissed because (1) the Assignment is invalid under Florida Statute § 627.7152(2)(a)(4) leaving Plaintiff without legal standing to sue Defendant; and (2) Plaintiff failed to join an indispensable party in that one of the two Insureds, Harry Schaffer, did not execute the Assignment. DE 6. Plaintiff has responded in opposition. DE 14. This matter is ripe for review.

## STANDARD OF REVIEW

Defendant seeks dismissal of the breach of contract claim against it, asserting that the Complaint fails to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss under Rule 12(b)(6) must take the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Mere conclusory allegations, however, will not suffice. There must be some factual allegations that make the alleged right to relief more than simply speculative. *Id.* The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Generally, a plaintiff is not required to detail all the facts upon which a claim is based. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n. 3. "Factual allegations must be enough to raise the right to relief above a speculative level." *Id.* at 555. A complaint must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). If a complaint is filed with exhibits, a court must also consider the facts derived from the exhibits. Where the facts in the exhibits contradict the allegations in the complaint, the exhibits control. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013); *Weiner v. Federal Ins. Co.*, 2011 WL 13229316 (S.D. Fla. Dec. 16, 2011).

## **DISCUSSION**

At the outset, I note that Plaintiff has sufficiently alleged the elements required to establish a claim for breach of contract. Since this is a diversity action, Florida law applies. *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014). Under Florida law, a breach of contract claim has three elements: (1) a valid contract, (2) a material breach, and (3) damages. *Nordt v. Colina Ins. Ltd.*, 2017 WL 4225550, at *6 (S.D. Fla. Sept. 22, 2017) (citations omitted). First, Plaintiff identifies the Policy as a valid property insurance contract between the Insureds and

Defendant. Plaintiff specifies the Policy number and asserts that it was in force on September 10, 2017, when the property suffered a covered loss. Thus, Plaintiff's allegations sufficiently establish a valid contract. Second, Plaintiff alleges that, despite satisfying all conditions precedent to bringing this suit, Defendant has failed to provide coverage under the Policy in breach of its terms and has failed to pay Plaintiff the insurance proceeds due and owing under the Policy. These allegations are sufficient to establish breach. Third, Plaintiff's damages are the unpaid insurance proceeds, and costs to collect same, that Plaintiff negotiated to receive by assignment in exchange for rendering services to the Insureds. *See Paramount Disaster Recovery LLC v. Amica Mut. Ins. Co.*, 2017 WL 6948728, at *4 (S.D. Fla. Dec. 6, 2017) (holding that post-loss assignee's alleged injury in the context of establishing damages is the insurance company's denial of coverage and failure to pay for repairs).

Defendant makes two arguments in support of dismissal of Plaintiff's claim. First, Defendant argues dismissal is warranted because the Assignment to Plaintiff is invalid under Florida law leaving Plaintiff without legal standing to pursue its claim. Second, Defendant maintains that Plaintiff's failure to join an indispensable party mandates dismissal. I will address each argument in turn below.

### A. Alleged Invalidity of Assignment Under Florida Law

Invoking Florida Statute § 627.7152 ("§ 627.7152"), Defendant argues that the Assignment fails to comply with certain statutory requirements and that, as a result, the Assignment is invalid and unenforceable. DE 5 at 4-5. According to Defendant, without a valid assignment of benefits in place, Plaintiff lacks legal standing to pursue its claim. DE 5 at 4-5. Plaintiff counters that § 627.7152 does not apply to the Assignment between Plaintiff and the Insureds, Mr. and Mrs. Schaffer, but that even if the statute applied, the Assignment fully complies with the statute's

requirements. DE 14 at 4-8. Plaintiff argues further that Defendant is not a party to the Assignment and thus has no standing to challenge its validity. *Id.* at 8-9.

In 2019, the Florida Legislature enacted § 627.7152 to regulate assignment agreements that seek to transfer insurance benefits from a policyholder to a third party. The assignment agreements to which the statute applies are defined as:

> [A]ny instrument by which post-loss benefits under a residential property insurance policy or commercial property insurance policy, as that term is defined in s. 627.0625(a), are assigned or transferred, or acquired in any manner, in whole or in part, to or from a person providing services to protect, repair, remediate, restore, or replace property or to mitigate against further damage.

Fla. Stat. § 627.7152(1)(b). Key provisions of the statute impose procedural requirements for an assignment of benefits to be valid (§ 627.7152(2)(a)-(b)); conditions of the insurance policy to which an assignee must adhere (§ 627.7152(2)(a)-(b)); record-keeping and cooperation duties on the assignee (§ 627.7152(3)-(4)); notice requirements regarding an assignee's intent to sue (§ 627.7152(9)); and specific rules governing an assignee's right to recover attorney's fees (§ 627.7152(10)).

The parties dispute whether § 627.7152 applies here. Upon review, I find that this statute applies. The statute plainly states that it applies "to an assignment agreement executed on or after July 1, 2019." Fla. Stat. § 627.7152(13); *SFR Servs., LLC a/a/o Fairway Villas at Banyan Trace Condominium Association, Inc. v. Indian Harbor Ins. Co.*, 529 F. Supp. 3d 1285, 1288–89 (M.D. Fla. 2021) (citing *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (explaining that a legislative body "says in a statute what it means and means in a statute what it says there") (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)); *Jefferson v. State*, 264 So. 3d 1019, 1024 (Fla. 2d DCA 2018)). Here, the Assignment from the Insureds to Plaintiff was executed on June 4, 2020, which is well after the statute's effective date.

5

DE 1-2 at 9-11.  Thus, per subsection (13)'s plain and unambiguous language, the statute clearly applies to the Assignment at issue here.

Having found that § 627.7152 applies, I turn next to Defendant's arguments that the Assignment is invalid for failure to comply with (1) § 627.7153(2)(a)(4) ("subsection 2(a)(4)"), which requires an assignment to "[c]ontain a written itemized, per-unit cost estimate of the services to be performed by the assignee" and (2) § 627.7153(2)(a)(2) ("subsection 2(a)(2)"), which requires an assignment to "[c]ontain a provision that allows the assignor to rescind the assignment agreement without a penalty or fee by submitting a written notice of recission by the assignor to the assignee."  Defendant argues that the Assignment from the Insureds to Plaintiff does not satisfy these requirements, and that, as a result, the Assignment is invalid and unenforceable leaving Plaintiff without standing to pursue this action.

Defendant's argument is without merit.  The Complaint alleges that Defendant was "provided with prompt and timely notice of Plaintiff's claim under the Policy and was promptly and timely provided with documentation of Plaintiff's assignment of benefits, estimate, and a written notice of intent to initiate litigation."  DE 1-2 at 7 ¶ 10.  The Complaint further alleges that Defendant acknowledged Plaintiff's claim and assigned it a claim number, and that all conditions precedent were met.  *Id.* at 7 ¶ 11-12.  In addition, when this case was removed from state to federal court on August 11, 2021, Defendant relied upon an attached written itemized repair estimate that had been provided by Plaintiff.  DE 1-4.  The estimate is dated June 5, 2020, which is one day after the date of the Assignment.  These dates coincide with the Complaint's allegations of having timely provided Defendant with the Assignment and an estimate related to the covered loss.  The estimate contains an itemized estimate of the services to be performed by Plaintiff.

Defendant has provided no legal authority or support for the proposition that the estimate must be contained within the Assignment itself. As one district court in this Circuit has observed, subsection 2(a)(4)'s requirement that an Assignment "contain a written, itemized" estimate is subject to multiple interpretations and could mean "to hold or include within its volume or area" or "to have as contents or constituent parts, comprise; include." *SFR Servs.*, 529 F. Supp. 3d at 1297 (citing online dictionary definition of the term "contain"). Further, under the "contemporaneous instrument rule," "two or more documents executed by the same parties, at or near the same time, concerning the same transaction or subject matter are generally construed together as a single contract." *Id.* (quoting *Wilson v. Terwillinger*, 140 So. 3d 1122, 1124 (Fla. 5th DCA 2014)). Here, it is alleged that Plaintiff timely provided the repair estimate to Defendant at or near the same time the Assignment was provided. Noting that Defendant has not provided any authority to establish that subsection 2(a)(4) requires the estimate to be included within the Assignment itself, given that the statute is subject to multiple interpretations, and viewing the allegations in the light most favorable to Plaintiff as required at this stage in the proceedings, I find dismissal on this ground to be without merit.

Defendant's argument under subsection 2(a)(2) is similarly lacking in merit. § 627.7152(6) requires all assignments to include the following language in "18-point uppercase and boldfaced type":

> YOU ARE AGREEING TO GIVE UP CERTAIN RIGHTS YOU HAVE UNDER YOUR INSURANCE POLICY TO A THIRD PARTY, WHICH MAY RESULT IN LITIGATION AGAINST YOUR INSURER. PLEASE READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING IT. YOU HAVE THE RIGHT TO CANCEL THIS AGREEMENT WITHOUT PENALTY WITHIN 14 DAYS AFTER THE DATE THIS AGREEMENT IS EXECUTED, AT LEAST 30 DAYS AFTER THE DATE WORK ON THE PROPERTY IS SCHEDULED TO COMMENCE IF THE ASSIGNEE HAS NOT SUBSTANTIALLY PERFORMED, OR AT LEAST 30 DAYS AFTER THE EXECUTION OF THE AGREEMENT IF THE AGREEMENT DOES NOT CONTAIN A

> COMMENCEMENT DATE AND THE ASSIGNEE HAS NOT BEGUN SUBSTANTIAL WORK ON THE PROPERTY. HOWEVER, YOU ARE OBLIGATED FOR PAYMENT OF ANY CONTRACTED WORK PERFORMED BEFORE THE AGREEMENT IS RESCINDED. THIS AGREEMENT DOES NOT CHANGE YOUR OBLIGATION TO PERFORM THE DUTIES REQUIRED UNDER YOUR PROPERTY INSURANCE POLICY.

Fla. Stat. § 627.7152(6). Here, the Assignment between the Insureds and Plaintiff tracks this required language verbatim in large uppercase, boldfaced type and satisfies subsection 2(a)(2)'s requirement of a provision that allows the Insureds as Assignors to rescind the Assignment without penalty or fee as required by the statute. Dismissal on this ground is not warranted.

Having concluded that § 627.7152 applies and that Plaintiff's allegations satisfy this statute's requirements, Plaintiff's argument that Defendant lacks standing to challenge the validity of the Assignment need not be reached. I note, however, the comprehensive analysis undertaken by the court in *SFR Services* on the issue of whether an insurer, like Defendant, who is not in "privity" with the contracting parties under an assignment may challenge such assignment's validity. *SFR Servs.,* 529 F. Supp. 3d at 1291-96. There, as part of its decision denying an insurer's motion to dismiss a plaintiff's post-assignment claim to recover insurance benefits, the court concluded that while the insurer "may be correct that the Florida Legislature intended that insurers could raise the validity issue in suits brought by assignees of insureds, the Court is not prepared at this time to rule in favor of [the insurer] on that public policy question when there is 'over a century' of case law 'from state and federal courts around the country' that holds 'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'" *Id.* at 1296 (quoting *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 736-37 (E.D. Mich. May 13, 2010) (citing cases)).

### B. Alleged Failure to Join Indispensable Party

Next, Defendant argues that dismissal is warranted because one of the two Insureds, "Harry Schaffer, an indispensable party, and purported assignor under the alleged assignment of benefits contract, failed to execute same." DE 5 at 9. Defendant maintains that if Mr. Schaffer is not joined as an indispensable party, an impermissible situation is created where Defendant could face double exposure in the form of two lawsuits over the same alleged incident. Plaintiff counters that simply because Mr. Schaffer's signature is not physically present on the Assignment does not mean Mr. Schaffer did not assign his benefits and that the allegation that Mr. and Mrs. Schaffer actually or equitably assigned their benefits to Plaintiff is sufficient at this motion-to-dismiss stage. DE 14 at 9-11.

Under Florida law, a post-loss assignee of an insurance contract stands in the shoes of an insured and can bring a suit for breach of contract in its own name as the real party in interest. *Paramount Disaster Recovery LLC v. Amica Mut. Ins. Co.*, 2017 WL 6948728, at *4 (S.D. Fla. Dec. 6, 2017); *see also Restoration Mgmt. 2013, Inc. v. AIG Prop. Cas. Co.*, 2015 WL 11438213, at *2 (S.D. Fla. May 11, 2015) (finding that an insurance policy holder, under Florida law, could freely assign post-loss claims). Without citation to any on point authority, Defendant argues that Mr. Schaffer had to sign the assignment of benefits form to give effect to the Assignment. Upon review, I am unpersuaded that dismissal is warranted on this basis.

The Assignment assigned to Plaintiff "all insurance rights, benefits, proceeds, claims, causes of action, and supplementary claims under all applicable insurance policies" for its services rendered. DE 1-2 at 9. The Assignment states that it "MUST BE SIGNED BY ALL POLICYHOLDERS AND JPJ SERVICES, LLC" and yet only Mrs. Schaffer's signature appears on the Assignment. *Id.* at 9, 11. Nonetheless, the Complaint alleges that both Mr. and Mrs.

Schaffer as the Insureds under the Policy and "Assignors have either actually or equitably" made a post-loss assignment to Plaintiff for services rendered, which gave Plaintiff the right to stand in the position of the Insureds and collect the insurance benefits otherwise due and payable to them under the insurance policy. DE 1-2 at 7 ¶ 9. The Complaint expressly avers that Plaintiff stands in the shoes of the Insureds as the assignors "by writing, parol, or other course of conduct." *Id.*

Accepting as true Plaintiff's allegations, as I must at this stage in the proceedings, I find that Plaintiff has sufficiently pled enough facts to nudge its claims across the line from conceivable to plausible. *See Iqbal*, 556 U.S. 662, 668. This is because, as pled, Mr. Schaffer may have provided written consent to the Assignment by means other than signing the Assignment leading to a finding of an actual or equitable assignment under Florida law. *See Gen. Contractors of Cent. Fla. LLC v. Heritage Prop. & Cas. Ins. Co.*, 2021 WL 5617450, at *2 (Fla. 3rd DCA Dec. 1, 2021) (citing *SourceTrack, LLC v. Ariba, Inc.*, 958 So. 2d 523, 526 (Fla. 2d DCA 2007) ("A court may find an equitable assignment where necessary to effectuate the parties' plain intent or to avoid injustice."); *JPJ Companies, LLC v. Nat'l Fire & Marine Ins. Co.*, 2019 WL 5260286, at *2–3 (S.D. Fla. Aug. 13, 2019), *report & recommendation adopted*, 2019 WL 5260137 (S.D. Fla. Aug. 19, 2019) (rejecting insurance company's argument for dismissal because one of the insured parties did not sign the post-loss assignment of insurance benefits).

Ultimately, I find Plaintiff's allegations sufficient at least at the motion to dismiss phase of the case to establish a post-loss assignment of insurance benefits that confers standing on Plaintiff. Defendant is not foreclosed from re-raising this issue at summary judgment, provided it can do so in good faith and provide proper support.

## CONCLUSION

In conclusion, viewing the Complaint's allegations in the light most favorable to Plaintiff, I find that Plaintiff has satisfactorily alleged all required elements in support of its breach of contract claim and has sufficiently established standing to pursue this claim. Accordingly, I recommend that Defendant's Motion to Dismiss Plaintiff's Complaint, DE 5, be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 16th day of February, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE